[711 NYS2d 818]

In the Matter of Scott D. Marcin, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, July 7, 2000

### APPEARANCES OF COUNSEL

*Colleen P. Dietrich,* Buffalo, for petitioner.

*Scott D. Marcin,* West Seneca, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 19, 1993, and maintained an office for the practice of law in West Seneca. Petitioner filed a petition charging respondent with acts of professional misconduct, and respondent filed an answer admitting the material allegations of the petition.

Respondent misrepresented the status of a case to a client, falsely represented that he had obtained a refund from a homeowner's association on behalf of the client and presented the client with a check, falsely asserting that the funds represented the amount due to the client after payment of his legal fee. The check was subsequently dishonored for insufficient funds. Additionally, petitioner's examination of respondent's trust account revealed that, on several occasions, respondent failed to maintain a balance equal to his clients' interests and commingled personal funds with clients' funds. Finally, during the investigation conducted by petitioner, respondent made false statements to its counsel and to its investigator, failed to produce requested files and documents in a timely manner and, in response to a subpoena, submitted documents that he had fabricated to support his false statements.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with his own funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds belonging to another person incident to his practice of law in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession

and render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash rather than to a named payee; and

DR 9-102 (i) (22 NYCRR 1200.46 [i])—failing to make available to petitioner or produce in response to a subpoena issued by it the financial records required to be maintained by DR 9-102 (22 NYCRR 1200.46).

Respondent attributed his misconduct to negligent bookkeeping practices, poor judgment and personal embarrassment. We note, however, that respondent previously received a Letter of Admonition for similar misconduct. After consideration of all of the factors in this matter, we conclude that respondent should be suspended for three years and until further order of the Court.

PINE, J. P., HAYES, WISNER, HURLBUTT and KEHOE, JJ., concur.

Order of suspension entered.